UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT ZEMAN AND JULIA ZEMAN,<br><br>    Plaintiffs,<br><br>v.<br><br>ZIV WILLIAMS, M.D., EMAD ESKANDAR, M.D., INDIVIDUAL MEMBERS OF THE INSTITUTIONAL REVIEW BOARD: MELISSA FRUMIN, M.D., HINA ALAM, SARY F. ARANKI, M.D., RHONDA BENTLEY-LEWIS, M.D., SUSAN BURNSIDE, RICHARD D'AUGUSTA, ASHWIN DHARMADHIKARI, M.D., DAVID A. JONES, M.D., DEBORAH ECKER, ROBERT J. GLYNN, ELIZABETH L. HOHMANN, M.D., THOMAS KOLOKOTRONES, KEITH A. MARCOTTE, FRANCISCO MARTY, M.D., ELINOR A. MODY, M.D., JOAN RILEY, ANDREW P. SELWYN, ARTHUR C. WALTMAN, M.D., SJIRK WESTRA, M.D. AND SEAN R. WILSON, M.D., MEDTRONIC, INC., AND NEUROLOGIX, INC.,<br><br>    Defendants. | Case No. 1:11-CV-10204-MLW |

## **NEUROLOGIX, INC.'S MOTION TO DISMISS**

This action arises out of injuries allegedly suffered by plaintiff Robert Zeman ("Mr. Zeman") during his participation in a clinical trial to test the safety and efficacy of an experimental gene therapy drug to treat Parkinson's Disease.  Although Mr. Zeman's principal claims sound in malpractice against the defendant physicians, he also brings counts sounding in negligence and breach of warranty against Neurologix, Inc ("Neurologix"), the clinical trial sponsor.

Pursuant to Rule 12(b)(6), Neurologix moves to dismiss all four counts against it for failure to state a claim upon which relief may be granted.  Count XI, sounding in failure to warn negligence, fails both because: (a) Neurologix did not owe any direct legal duty to Mr. Zeman;

and (b) even if the Court were to create such a duty, the facts as alleged by Mr. Zeman do not support the claim that Neurologix caused Mr. Zeman's injuries.  Count XII, sounding in products liability negligence, fails for three reasons: (a) the claim is preempted by federal law; (b) the facts as alleged specifically contradict any claim of product defect; and (c) even if the Court were to ignore the alleged facts and assume the product was somehow defective, surgical conduct, not the drug, was the cause of any alleged injuries.  Count XIII, sounding in products liability breach of warranty, fails for similar reasons—as a matter of law there was no warranty, and as a matter of fact the allegations simply do not support a finding of liability.  Finally, Count XIV, alleging loss of consortium, fails due to the lack of a surviving, underlying tort against Neurologix.

Accordingly, and for reasons explained in greater detail in its supporting memorandum filed herewith, Neurologix respectfully asks the Court to dismiss all claims against it.

NEUROLOGIX, INC.

By its attorneys

/s/  Christopher H. Lindstrom_____
George A. Xixis (BBO# 663116)
gxixis@nutter.com
David L. Ferrera (BBO# 631183)
dferrera@nutter.com
Christopher H. Lindstrom (BBO# 657430)
clindstrom@nutter.com
Nutter, McClennen & Fish, LLP
Seaport West, 155 Seaport Blvd.
Boston, Massachusetts 02210
Telephone:   (617) 439-2000
Dated:  May 27, 2011                                  Facsimile:    (617) 310-9698

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Neurologix, Inc. respectfully requests oral argument on its motion to dismiss.

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1(A)(2)

I hereby certify that on May 25, 2011, I conferred with Alan Milstein, Esq., attorney for plaintiff, by telephone in a good faith effort to resolve the issue presented by this motion to dismiss. We were unsuccessful.

                                             /s/ Christopher H. Lindstrom
                                             Christopher H. Lindstrom

## CERTIFICATE OF SERVICE

I certify that, on May 27, 2011, this document (filed through the ECF system) will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                             /s/ Christopher H. Lindstrom
                                             Christopher H. Lindstrom

2014194.1