UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10204-GAO

ROBERT ZEMAN and JULIA ZEMAN,
Plaintiffs,

v.

ZIV WILLIAMS, M.D., EMAD ESKANDAR, M.D., HINA ALAM, SARY F. ARANKI, M.D.,
RHONDA BENTLEY-LEWIS, M.D., SUSAN BURNSIDE, RICHARD D'AUGUSTA,
ASHWIN DHARMADHIKARI, M.D., DEBORAH ECKER, MELISSA FRUMIN, M.D.,
ROBERT J. GLYNN, ELIZABETH L. HOHMANN, M.D., DAVID A. JONES, M.D.,
THOMAS KOLOKOTRONES, KEITH A. MARCOTTE, FRANCISCO MARTY, M.D.,
ELINOR A. MODY, M.D., JOAN RILEY, ANDREW P. SELWYN, ARTHUR C. WALTMAN,
M.D., SJIRK WESTRA, M.D., SEAN R. WILSON, M.D., and NEUROLOGIX, INC.,
Defendants.

ORDER
February 4, 2015

O'TOOLE, D.J.

Defendants Ziv Williams and Emad Eskandar have moved to amend their Answers (dkt. nos. 96, 97) to the plaintiffs' Revised Second Amended Complaint (dkt. no. 93) to add crossclaims against defendant Neurologix, Inc. The defendants seek to add three crossclaims: breach of contract, indemnification, and contribution under Massachusetts General Laws Chapter 231B. Neurologix has opposed the defendants' motion only as it applies to the statutory claim for contribution.

Neurologix contends that amendment would be futile as contribution is barred under Massachusetts law. See Hatch v. Dep't of Children, Youth, & Their Families, 274 F.3d 12, 19 (1st Cir. 2001) ("[F]utility is fully sufficient to justify the denial of a motion to amend."). Under Mass. Gen. Laws ch. 231B, § 4, "[w]hen a release . . . is given in good faith to one of two or more persons liable in tort for the same injury . . . [i]t shall discharge the tortfeasor to whom it is

given from all liability for contribution to any other tortfeasor." Accordingly, a good faith settlement will preclude a crossclaim for contribution. Noyes v. Raymond, 548 N.E.2d 196, 198 (Mass. App. Ct. 1990). A lack of good faith "includes collusion, fraud, dishonesty, and other wrongful conduct." Id. at 199.

Once Neurologix met its "initial burden of establishing that a settlement has been agreed upon and its nature and terms," id. at 200, the burden shifted to the defendants to assert "a legitimate issue of good faith." United States v. Dynamics Research Corp., 441 F. Supp. 2d 259, 268-69 (D. Mass. 2006). However, the defendants' allegations concerning lack of good faith are conclusory at best. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (requiring "enough facts to state a claim to relief that is plausible on its face"). The sole basis for the defendants' allegations is that the "amount of the plaintiffs' settlement with Neurologix is significantly less than what the plaintiffs have demanded from [the surgeons]." (Reply at 2 (dkt. no. 116).) However, an allegation pertaining to the amount of the settlement is by itself insufficient to show a lack of good faith. See Chapman v. Bernard's Inc., 198 F.R.D. 575, 577-78 (D. Mass. 2001) ("The amount of a settlement has no bearing on the good faith question.").

For these reasons, the defendants' Motions (dkt. nos. 107, 108) to Amend are GRANTED as to their breach of contract and indemnification claims and DENIED as to their contribution claim. The defendants are instructed to file their amended answers within 28 days from the date of this Order.

The Joint Motion (dkt. no. 105) to Dismiss Plaintiffs' Claims Against Defendant Neurologix is GRANTED.

It is SO ORDERED.

    /s/ George A. O'Toole, Jr.
    United States District Judge